JUDGE McMAHON

PREET BHARARA
United States Attorney for the
Southern District of New York
By: JAMES NICHOLAS BOEVING
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2748
Facsimile: (212) 637-2686
Email: james.n.boeving@usdoj.gov



14 CV 5652

RECEIVED
JUL 24 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

MEDWAY CONSTRUCTION INC.,

          Defendant.

---

14 Civ. _____

**COMPLAINT**

**ECF CASE**

Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, herein alleges upon information and belief for its complaint as follows:

## INTRODUCTION

1. This is a civil action brought by plaintiff the United States of America (the "Plaintiff") on behalf of its agency, the Internal Revenue Service ("IRS"), to enjoin defendant Medway Construction Inc. ("Medway" or "Defendant") from accruing future tax liabilities because of its ongoing and years-long failure to comply with its federal tax obligations.

2. This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7402.

## JURISDICTION, VENUE, AND PARTIES

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the defendant is located in the Southern District of New York and because the tax liability giving rise to this action accrued while the defendant operated in the Southern District of New York.

5. Defendant Medway Construction Inc. is a New York corporation with an office located at 22 West 38th Street, 5th Floor, New York, NY 10018.

## FACTS

6. Medway is a construction sub-contractor that performs concrete work on a variety of commercial and private projects.

7. Narzim Mohammed is the 100% owner of Medway, and is its President and sole proprietor.

8. Medway has employed a varying number of employees since January 1, 2003. Its number of employees was and is dependent upon the size and complexity of the projects sub-contracted to it. Mr. Mohammed has stated that he is unable to state precisely how many employees Medway maintains. Similarly, Medway's September 24, 2013 financial statement stated that the number of employees varies.

9. Employers are required to file a Quarterly Federal Tax Return on Form 941, which is commonly known as a "FICA Return." *See* 26 C.F.R. § 31.6011(a)-1(a)(1). A FICA return must be filed "on or before the fifteenth day of the first calendar month following the period for which it is made." 26 C.F.R. § 31.6071(a)-1(a)(2).

10. Employers who fail to timely file FICA Returns or pay the taxes reported on these returns are subject to a penalty. *See* 26 U.S.C. § 6651. Similarly, employers who fail to remit the withholdings required by the Federal Insurance Contribution Act and reported on a FICA Return are subject to statutory penalties. *See* 26 U.S.C. §§ 6656, 6672.

11. Medway has a years-long history of non-compliance with the timely filing of its quarterly FICA Return, and of failing to pay the applicable taxes reported on such returns (or as assessed by the IRS against the particular return).

12. Employers are required to annually file a Federal Unemployment Tax Return on Form 940, which is commonly known as a "FUTA Return." *See* 26 C.F.R. § 31.6011(a)-3(a)(1). A FUTA return must be filed "on or before the last day of the first calendar month following the period for which it is made." 26 C.F.R. § 31.6071(a)-1(c).

13. Employers who fail to timely file FUTA Returns or pay the taxes reported on these returns are subject to a penalty. *See* 26 U.S.C. § 6651. Similarly, employers who fail to make federal tax deposits of federal unemployment tax, which is reported on a FUTA Return, are subject to a statutory penalty. *See* 26 U.S.C. § 6656.

14. Medway has a years-long history of non-compliance with the timely filing of its FUTA Return, and of failing to pay the applicable taxes reported on such returns (or as assessed by the IRS against the particular return).

15. United States corporations, such as Medway, are required to annually file a U.S. Corporate Income Tax Return on Form 1120. *See* 26 C.F.R. § 1.6012-2. A U.S. Corporate Income Tax Return must be filed "on or before the fifteenth day of the third month following the close of the taxable year." 26 C.F.R. § 1.6072-2(a).

16. Corporations that fail to pay estimated income tax, fail to file a U.S. Corporate tax Return, or fail to pay the corporate tax due are subject to statutory penalties. *See* 26 U.S.C. §§ 6651, 6655.

17. Medway has a years-long history of non-compliance with the timely filing of its U.S. Corporate Income Tax Return, and of failing to pay the corporate tax due.

18. The aggregate known balance of Defendant's liability owed to the IRS as of June 14, 2014, is $922,668.70. Medway's collectible tax liabilities due and owing are reflected in the following chart:

| Tax Type | Tax Period | Assessment Date | Unpaid Balance of Assessment | Unpaid Balance as of 7/11/14[1] |
|---|---|---|---|---|
| 941/FICA | 12/31/04 | 5/2/05 | $46,268.03 | $71,719.54 |
| 941/FICA | 3/31/05 | 9/26/05 | $43,475.95 | $64,682.68 |
| 941/FICA | 6/30/05 | 10/10/05 | $14,805.88 | $21,412.32 |
| 941/FICA | 9/30/05 | 12/26/05 | $18,107.19 | $25,913.08 |
| 941/FICA | 12/31/05 | 4/17/06 | $35,231.85 | $48,307.51 |
| 941/FICA | 3/31/06 | 5/29/06 | $25,956.78 | $35,682.23 |
| 941/FICA | 6/30/06 | 9/18/06 | $16,171.21 | $22,006.54 |
| 941/FICA | 9/30/06 | 1/8/07 | $17,149.15 | $22,869.78 |
| 941/FICA | 12/31/06 | 3/26/07 | $28,029.75 | $36,798.21 |
| 941/FICA | 3/31/07 | 6/7/07 | $38,286.18 | $49,319.02 |
| 941/FICA | 6/30/07 | 10/15/07 | $44,950.14 | $56,839.18 |
| 941/FICA | 9/30/07 | 8/18/08 | $41,199.49 | $51,053.71 |
| 941/FICA | 12/31/07 | 5/5/08 | $45,990.69 | $56,224.55 |
| 941/FICA | 3/31/08 | 6/9/08 | $21,569.13 | $26,199.97 |
| 941/FICA | 6/30/08 | 10/6/08 | $25,998.99 | $31,145.48 |
| 941/FICA | 9/30/08 | 12/29/08 | $30,864.40 | $36,521.92 |
| 941/FICA | 12/31/08 | 5/9/09 | $22,045.83 | $25,873.05 |
| 941/FICA | 3/31/09 | 6/6/09 | $14,474.76 | $16,800.84 |
| 941/FICA | 6/30/09 | 9/14/09 | $11,153.92 | $12,856.10 |
| 941/FICA | 9/30/09 | 12/28/09 | $7,963.28 | $9,089.82 |
| 941/FICA | 12/31/09 | 3/30/10 | $10,700.45 | $12,119.31 |
| 941/FICA | 3/31/10 | 8/30/10 | $10,135.21 | $11,317.79 |
| 941/FICA | 6/30/10 | 11/22/10 | $10,416.35 | $11,689.45 |
| 941/FICA | 9/30/10 | 2/14/11 | $17,756.11 | $19,541.38 |

---

[1] The unpaid balance column reflects the amount of the unpaid underlying assessment, as well as interest and penalties.

| 941/FICA | 12/31/10 | 5/9/11 | $12,743.65 | $14,323.75 |
| 941/FICA | 3/31/11 | 6/11/11 | $12,908.92 | $14,574.05 |
| 941/FICA | 9/30/11 | 1/30/12 | $11,599.29 | $13,259.54 |
| 941/FICA | 12/31/11 | 4/9/12 | $24,766.18 | $27,869.91 |
| 941/FICA | 3/31/12 | 7/30/12 | $4,849.24 | $5,580.17 |
| 941/FICA | 9/30/12 | 5/19/14 | $5,816.11 | $5,987.39 |
| 941/FICA | 12/31/12 | 5/19/14 | $22,768.52 | $22,893.13 |
| 941/FICA | 3/31/13 | 6/17/13 | $14,583.96 | $16.727.01 |
| 941/FICA | 6/30/13 | 5/26/14 | $1,819.73 | $1,841.01 |
| 940/FUTA | 12/31/04 | 5/2/05 | $2,751.34 | $3,790.13 |
| 940/FUTA | 12/31/05 | 4/24/06 | $1,740.41 | $2,393.54 |
| 940/FUTA | 12/31/06 | 3/12/07 | $765.99 | $1,003.23 |
| 940/FUTA | 12/31/07 | 5/5/08 | $1,807.21 | $2,202.04 |
| 940/FUTA | 12/31/08 | 5/4/09 | $992.09 | $1,156.07 |
| 940/FUTA | 12/31/09 | 4/5/10 | $303.00 | $342.22 |
| 940/FUTA | 12/31/10 | 8/8/11 | $586.82 | $653.44 |
| 940/FUTA | 12/31/11 | 5/21/12 | $4,591.07 | $5,060.44 |
| 1120 Corp. Tax | 12/31/08 | 6/9/12 | $1,068 | $1,134.47 |
| 1120 Corp. Tax | 12/31/09 | 6/2/12 | $1,068 | $1,135.12 |
| 1120 Corp. Tax | 12/31/10 | 5/9/11 | $1,755 | $1,864.20 |
| 1120 Corp. Tax | 12/31/11 | 6/23/12 | $780 | $827.59 |
| 1120 Corp. Tax | 12/31/12 | 2/24/14 | $1,061.89 | $1,066.79 |

19.  Medway's non-compliance with the internal revenue laws has resulted in numerous penalty assessments by the IRS.

20.  For example, Medway has been assessed numerous penalties for failure to timely file required returns under I.R.C. § 6651. Specifically, Medway was assessed a failure to timely file penalty for the FICA (Form 941) periods ending 9/30/2005, 3/31/2012, 9/30/2012, 12/31/2012, and 6/30/2012; and for the U.S. Corporation Tax (Form 1120) periods ending 12/31/2008, 12/31/2009, 12/31/2010, 12/31/2011, 12/31/2012 and 6/30/2013.

21.  Medway was also assessed a penalty for failure to timely pay taxes due under I.R.C. § 6651. These penalties were assed for FICA (Form 941) periods ending 12/31/2004, 3/31/2005, 6/30/2005, 9/30/2005,12/31/2005, 3/31/2006, 6/30/2006, 9/30/2006, 12/31/2006, 3/31/2007, 6/30/2007, 12/31/2007, 3/31/2008, 6/30/2008, 9/30/2008, 12/31/2008, 3/31/2009,

6/30/2009, 9/30/2009, 3/31/2010, 9/30/2010, 12/31/2010, 3/31/2011, 9/30/2011, 12/31/2011, 3/31/2012, 9/30/2012, 12/31/2012, 3/31/2013, and 6/30/2013; and for the FUTA (Form 940) periods ending 12/31/2004, 12/31/2005, 12/31/2006, 12/31/2007, 12/31/2008, 12/31/2009, 12/31/2010, and 12/31/2011.

22. Medway has also been assessed penalties for failure to make federal tax deposits in connection with its FICA Returns (Form 941) and FUTA Returns (Form 940) pursuant to I.R.C. § 6656. In particular, Medway was assessed a penalty for failure to make required federal tax deposits for the FICA (Form 941) periods ending 12/31/2004, 3/31/2005, 6/30/2005, 9/30/2005, 12/31/2005, 3/31/2006, 6/30/2006, 9/30/2006, 12/31/2006, 3/31/2007, 6/30/2007, 12/31/2007, 3/31/2008, 6/30/2008, 9/30/2008, 12/31/2008, 3/31/2009, 6/30/2009, 9/30/2009, 3/31/2010, 9/30/2010, 12/31/2010, 3/31/2011, 12/31/2011, 3/31/2012, and 12/31/2012; and for the FUTA (Form 940) period ending 12/31/2011.

23. In addition to the liabilities identified in paragraph 18 above, Medway's continued refusal to pay its tax obligations has cost the Government the ability to recover unpaid taxes totaling $340,408.44 for the following periods due to expired Collection Statute Expiration Dates ("CSEDs"):

    (a)     The CSED for the 941 period ending 3/31/2003 expired on April 5, 2014, and as of that date Medway owed $81,158.90 for this tax period;

    (b)     The CSED for the 941 period ending 6/30/2003 expired on February 16, 2014, and as of that date Medway owed $155,891.45 for this tax period; and,

    (c)     The CSED for the 941 period ending 9/30/2003 expired on March 15, 2014, and as of that date Medway owed $103,358.09 for this tax period.

24. Medway's non-compliance with its tax obligations persists to the date of this filing.

25. Pursuant to Internal Revenue Code ("I.R.C.") § 6331,[2] the IRS has issued Notices of Intent to Levy and provided Medway with a Collection Due Process Notice for each of the tax periods identified above in paragraph 18. Medway did not request a collection due process hearing with respect to any of the deficiencies.

26. Consistent with I.R.C. § 6321, the IRS has filed a Notice of Federal Tax Lien with respect to the liabilities identified in paragraph 18 and these liens were recorded with the New York Secretary of State.

27. Medway's owner and President, Mr. Mohammed, was responsible for withholding, collecting, and turning over to the IRS the Trust Fund portion that he withheld from Medway employees' salaries, but failed to do so. Pursuant to I.R.C. § 6672, the IRS assessed a Trust Fund Recovery Penalty ("TFRP") against Mr. Mohammed for certain of the tax periods identified above. These assessments against Mr. Mohammed remain largely unpaid.

28. In addition to the outstanding liabilities set forth above, Medway failed to file numerous tax returns. Medway failed to file a FICA Return (Form 941) for the quarterly tax periods ending 6/30/2011, 6/30/2012, 12/31/2013, 3/31/2014, and 6/30/2014. Medway also failed to file a FUTA return (Form 940) for the tax periods ending 12/31/2012 and 12/31/2013. Medway has not made any federal tax deposits against these tax periods.

29. The IRS made specific and repeated requests to Medway that it file the returns identified in the prior paragraph, but Medway has not responded to the IRS's requests. Specific

---

[2] The Internal Revenue Code is found in Title 26 of the United States Code.

requests were made to Medway on September 24, 2013, October 21, 2013, and November 6, 2013.

30.  Because Medway has been unwilling or unable to identify its staffing levels, the IRS cannot determine the amount of tax that would be due with respect to the periods for which returns were not filed, as identified above in paragraph 28. It is certain, however, that Medway will owe a substantial amount of tax for these tax periods.

31.  The IRS, after fulfilling the notice requirement of I.R.C. § 6331(d)(2), undertook efforts to collect the unpaid tax liabilities by filing tax liens and issuing levies. Despite these efforts, the IRS has recovered very little of the taxes owed by Medway. Moreover, Medway does not have appreciable assets to seize, and thus instituting seizure proceedings would be a futile exercise.

32.  In addition, consistent with the Internal Revenue Manual, the IRS sent Medway IRS Letter 903, which provides an explicit warning that failure to comply with employment tax laws (such as FICA and FUTA) could result in the IRS seeking a mandatory injunction under I.R.C. § 7402(a). *See* Internal Revenue Manual 5.7.2. Medway was served with this letter on October 27, 2005, and again on September 24, 2013. Each letter was accompanied by a detailed explanation of the tax requirement to withhold and remit employment taxes to the IRS through a federal tax depository bank account. On both occasions, Medway acknowledged that it did not maintain a depository account. The IRS instructed Medway to open a federal tax depository account, but to date Medway has not done so.

## HARM TO THE UNITED STATES

33.  The United States has been irreparably harmed by Medway's years-long and ongoing failure to comply with its tax obligations. Medway's failure to pay the taxes owed has

deprived the Government of substantial tax revenue to which it is lawfully entitled. The Government's loss is exacerbated by Medway's failure to file the legally required returns, which both prevents the Government from determining the amount owed and further deprives the Government of tax revenue it is due.

34. The Government has also undertaken significant but unsuccessful collection efforts and expended considerable resources to collect the tax revenue owed. The IRS considered seizing Medway's assets to recover some of the unpaid taxes, but determined that the company does not have appreciable assets to seize.

35. In light of Medway's persistent failure to comply with its federal tax obligations, and given its lack of appreciable assets, the United States will continue to be harmed through the deprivation of tax revenue and the expenditure of limited resources if Medway is permitted to continue to accrue federal tax liabilities or otherwise fail to comply with the internal revenue laws.

## APPROPRIATENESS OF INJUNCTIVE RELIEF

36. Medway's conduct, as described in paragraphs 1 through 35 of this complaint, violates the internal revenue laws, which violation is ongoing. An injunction is thus necessary or appropriate for the enforcement of the internal revenue laws.

37. Medway's conduct, as described in paragraphs 1 through 35 of this complaint, results in irreparable harm to the United States for which the United States has no adequate remedy at law. Specifically:

    (a) Medway's conduct is causing and will continue to cause substantial losses to the United States treasury, much of which will never be recovered, thus resulting in permanent loss;

(b) If the Court does not enjoin Medway, the IRS will have to devote substantial amounts of its limited resources to pursuing further collection actions which are unlikely to result in the IRS recouping its already substantial losses;

(c) If the Court does not enjoin Medway, it likely will continue to engage in conduct subject to penalty under I.R.C. §§ 6651, 6655, 6656, and 6672.

38. The balance of hardship weighs in the Government's favor. The IRS has expended significant resources attempting unsuccessfully to collect the taxes due, and the Government has been deprived of substantial tax revenue.

39. A permanent injunction serves the public interest because the public interest is served through the collection and recovery of tax obligations, and Medway's ongoing conduct undermines this interest.

## CLAIM FOR RELIEF
### (Injunction under I.R.C. § 7402)

40. The United States incorporates by reference the allegations in paragraphs 1 through 39 herein.

41. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing such laws.

42. Medway, through the actions described above, has engaged in conduct that interferes substantially with the enforcement of the internal revenue laws. Specifically, Medway has continually and repeatedly failed to make federal tax deposits, failed to file returns, and failed to pay the taxes owed. As such, Medway is subject to numerous penalties under the I.R.C. *See* 26 U.S.C. §§ 6651, 6655, 6656, and 6672.

43. Because of its repeated and continual misconduct subject to penalty under I.R.C. §§ 6651, 6655, 6656, and 6672, Medway should be permanently enjoined from accruing future tax liabilities.

44. Enjoining Medway from accruing future tax liabilities and ordering it to comply with its federal tax obligations furthers the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Medway's unlawful conduct and the harm it causes the United States Treasury.

45. The United States is entitled to injunctive relief under I.R.C. § 7402(a).

WHEREFORE, Plaintiff the United States prays for the following relief:

(a) That the Court find that the Defendant has failed to comply with the internal revenue laws, and has engaged in conduct subject to penalty under I.R.C. §§ 6651, 6655, 6656, and 6672, and that injunctive relief is appropriate under I.R.C. § 7402(a);

(b) That the Court, pursuant to I.R.C. § 7402(a), enter a permanent injunction prohibiting Defendant from accruing any future additional federal tax liabilities and ordering that Defendant comply with the internal revenue laws;

(c) That the Court order Defendant to file an affidavit or declaration pursuant to 28 U.S.C. § 1746 certifying compliance with the requirements described above within fourteen (14) days of the entry of the Court's injunction order;

(d) That the Court order Defendant to cease its operations if it is unable to certify compliance with the requirements described above;

(e) That the Court retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate to guard the public interest; and

(f)     That the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
       July 24, 2014

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for the United States of America*

By:  _____
                                        JAMES NICHOLAS BOEVING
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone:  (212) 637-2748
                                        Facsimile:  (212) 637-2686
                                        Email:  james.n.boeving@usdoj.gov